**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| TIARA HOUSTON, | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 19-1018 |
| vs. | § | |
| | § | **COMPLAINT** |
| TEXAS AUTO SAVE, LLC, | § | Jury Trial Demanded |
| Defendant. | § | |

## NATURE OF ACTION

1. Plaintiff Tiara Houston ("Plaintiff") brings this action against Defendant Texas Auto Save, LLC ("Defendant") pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and its implementing Regulation Z, 12 C.F.R. Part 226 (collectively "TILA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district.

## THE TRUTH IN LENDING ACT

4. The TILA "has been found uniformly to be remedial in nature and thereby liberally and broadly construed in favor of the consumer." *Travis v. Trust Co. Bank*, 621 F.2d 148, 151 (5th Cir. 1980); *Gallegos v. Stokes*, 593 F.2d 372, 376 (10th Cir. 1979); *Gardner & N. Roofing & Siding Corp. v. Bd. of Governors of Fed. Reserve Sys.*, 464 F.2d

1

838, 841 (D.C. Cir. 1972); *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009).

5. The TILA is strictly enforced, and absolute compliance is necessary. *In re Porter*, 961 F.2d 1066, 1078 (3d Cir. 1992) ("A creditor who fails to comply with TILA in any respect is liable to the consumer under the statute regardless of the nature of the violation or the creditor's intent."); *Mars v. Spartanburg Chrysler Plymouth, Inc.*, 713 F.2d 65, 67 (4th Cir. 1983) ("To insure that the consumer is protected, as Congress envisioned, requires that the provisions of the Act and the regulations implementing it be absolutely complied with and strictly enforced."); *Grant v. Imperial Motors*, 539 F.2d 506, 510 (5th Cir. 1976) ("[O]nce the court finds a violation, no matter how technical, it has no discretion with respect to the imposition of liability."); *see also Hamm v. Ameriquest Mortgage Co.*, 506 F.3d 525, 529 (7th Cir. 2007); *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 801 (6th Cir. 1996); *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 704 (9th Cir. 1986); *Zamarippa v. Cy's Car Sales, Inc.*, 674 F.2d 877, 879 (11th Cir. 1982).

6. "[S]trict interpretation of the TILA has largely been responsible for the TILA's success in achieving widespread compliance with its requirements." *In re Brown*, 106 B.R. 852, 857 (Bankr. E.D. Pa. 1989). Indeed, without strict compliance, the TILA's goals of standardized uniform disclosures would quickly be eroded. *See Reneau v. Mossy Motors*, 622 F.2d 192, 195 (5th Cir. 1980) ("The technical requirements of the TILA and Regulation Z must be strictly enforced if standardization of terms, permitting meaningful comparisons of available credit by consumers, is to be achieved.").

7. Creditors must make TILA disclosures "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17. If a creditor's disclosure is susceptible to more than one "plausible" interpretation, the creditor has not complied with the TILA. *See Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006); *In re Porter*, 961 F.2d 1066, 1077 (3d Cir. 1992).

8. This is because the "TILA neither requires nor encourages borrowers to guess or to assume that a disclosure has a particular meaning." *Wright v. Tower Loan of Mississippi, Inc.*, 679 F.2d 436, 445 (5th Cir. 1982); *see also Pennino v. Morris Kirschman & Co.*, 526 F.2d 367, 372 (5th Cir. 1976) ("This court . . . is bound by the intent of Congress to eliminate the necessity of assumptions on the part of the consumer.").

9. The clarity of a creditor's disclosure is question of law, determined on an "ordinary consumer" standard. *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006); *Smith v. Cash Store Mgmt., Inc.*, 195 F.3d 325, 327–28 (7th Cir. 1999); *Edmondson v. Allen–Russell Ford, Inc.*, 577 F.2d 291, 296 (5th Cir. 1978). Because this standard is objective, what a given consumer knows or does not know is immaterial when evaluating a creditor's TILA disclosures. *See Purtle v. Eldridge Auto Sales, Inc*., 91 F.3d 797, 800 (6th Cir. 1996); *Semar* 791 F.2d 699, 704 (citing *Huff v. Stewart-Gwinn Furniture Co*., 713 F.2d 67, 69 (4th Cir.1983).

## PARTIES

10. Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Bexar, and City of San Antonio.

3

11.     Defendant is a Texas limited liability company who at all relevant times was engaged in the business of selling and financing motor vehicles.

12.     At all relevant times, Defendant, in the ordinary course of its business regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable.

13.     Defendant is a creditor within the meaning of the Truth in Lending Act, 15 U.S.C. § 1602(g) and Regulation Z, 12 C.F.R. 226.2(17).

## FACTUAL ALLEGATIONS

14.     On or about February 2, 2019, Plaintiff purchased a 2014 Nissan Altima from Defendant.

15.     That same day, Plaintiff entered into a Motor Vehicle Retail Installment Contract and Security Agreement (the "Contract") with Defendant to finance the purchase.

16.     A true and accurate copy of the Contract is attached as Exhibit A.

17.     That day, Plaintiff paid Defendant a down payment of $1,500.00, and agreed to pay Defendant additional $500.00 down payments on February 16, 2019, March 2, 2019, and March 16, 2019.

18.     The Contract included a disclosure statement required by the Truth in Lending Act.

19. The Truth in Lending Disclosure statement included a "Payment Schedule" disclosure comprised of 72 semi-monthly payments of $199.12 beginning April 1, 2019, and three deferred down payments of $500.00 due on February 16, 2019, March 2, 2019, and March 16, 2019. *See* Exhibit A.

20. The Truth in Lending Disclosure statement also included a "Total of Payments" disclosure of $14,336.64. *Id.*

21. The official staff commentary to Regulation Z (12 C.F.R. § 226.01 *et seq.*) at § 226.2(a)(18)(i) provides as follows:

> 2. Pick-up payments. i. Creditors may treat the deferred portion of the downpayment, often referred to as pick-up payments, in a number of ways. If the pick-up payment is treated as part of the downpayment:
>
> *   *   *
>
> B. It may, but need not, be reflected in the payment schedule under § 226.18(g).

Official Staff Commentary to Regulation Z at § 226.2(a)(18)(i).

22. "Whichever way the pick-up payment is treated, the total of payments under § 226.18(h) must equal the sum of the payments disclosed under § 226.18(g)." *Id.* at § 226.2(a)(18)(iii).

23. The commentary further explains, at § 226.18(h)(2):

> The total of payments is the sum of the payments disclosed under § 226.18(g). For example, if the creditor disclosed a deferred portion of the downpayment as part of the payment schedule, that payment must be reflected in the total disclosed under this paragraph.

*Id*. at § 226.18(h)(2).

24. Defendant included three $500.00 deferred down payments in its "Payment Schedule" disclosure, but did not include the deferred down payments in the "Total of Payments" disclosure as required by Regulation Z.

25. As a result, Defendant disclosed an incorrect "Total of Payments."

26. The correct "Total of Payments" that should have been disclosed is $15,836.64.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1638(a)(5)

27. Plaintiff repeats and re-alleges each and every factual allegation above.

28. Defendant violated the disclosure requirements of 15 U.S.C. § 1638(a)(5) and 12 C.F.R. 226.18(h) when it disclosed an incorrect "total of payments" in the Contract.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1638(a)(4) and Regulation Z, 12 C.F.R. 226.18(h);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1640(a)(2), in the amount of twice the finance charge;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1640(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 21, 2019

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:    602-388-8898
Facsimile:    866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorney for Plaintiff