# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| TIARA HOUSTON, | ) |
| *Plaintiff*, | ) |
| | ) |
| VS. | ) Civil Action No.  SA-19-CA-1018-XR |
| | ) |
| TEXAS AUTO SAVE, LLC, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On this date, the Court considered the Plaintiff's Motion for Default Judgment against Defendant Texas Auto Save, LLC.  (docket no. 8).  After careful consideration, Plaintiff's Motion is GRANTED.

**Background**

Plaintiff Tiara Houston ("Plaintiff") filed her complaint on August 21, 2019, alleging Defendant Texas Auto Save, LLC ("Defendant") violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. and its implementing Regulation Z, 12 C.F.R. 226.18(h) ("TILA"). (docket no. 1). Plaintiff alleges that in February of 2019, she purchased a 2014 Nissan Altima and entered into a Motor Vehicle Installment Contract and Security Agreement ("Contract") to finance the purchase of the vehicle.  (docket no. 1 at 4).

Plaintiff alleges the Contract included a disclosure statement, as required by TILA, with a "Payment Schedule" comprised of seventy-two semi-monthly payments of $199.12, and three deferred downpayments of $500 due on February 16, 2019, March 2, 2019, and March 16, 2019. (docket no. 1 at 4).   The complaint shows the three alleged deferred downpayments were included inside the Payment Schedule box under a different heading, "Irregular Payment Schedule."

(docket no. 1–1 at 2). Plaintiff also paid an outright downpayment of $1500. (docket no.1 at 4). Under the Contract, the "Total Sale Price" of $17,336.64 encompassed the collective sum of the outright downpayment and the three deferred downpayments. (docket no. 1–1 at 2). However, Plaintiff alleges the Defendant otherwise failed to adhere to TILA by not including the alleged deferred downpayments into the disclosed "Total of Payments" in the payment schedule pursuant to Regulation Z, 12 C.F.R. 226.18(h). (docket no. 1 at 5–6). Plaintiff alleges the correct Total of Payments in the payment schedule should be $15,836.64 (seventy-two payments of $199.12 ($14,336.64) and the $1,500 deferred downpayments). (docket no. 1 at 4–6).

Plaintiffs seeks statutory damages under the TILA, actual damages, attorney fees, pre-judgment and post-judgment interest. (docket no. 1). On September 6, Plaintiff filed a return of service indicating Defendant was properly served. (docket no. 5). When Defendant did not answer or otherwise appear, the Clerk of the Court filed an entry of default against the Defendant on October 9, 2019. (docket no. 7). On November 14, 2019, Plaintiff filed the motion for Default Judgment now before this Court. (docket no. 8).

**Legal Standard**

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the Defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). However, in considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012. The Court examines each in turn.

## Analysis

### A. Jurisdiction

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such federal-question jurisdiction extends to cases in which a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988).

In this case, the Plaintiff's action was brought in federal court pursuant to a claim arising under the TILA. 15 U.S.C. § 1601 *et seq.* Thus, Plaintiff asserts a claim involving a federal question, thereby providing this Court and, therefore, allow this Court to exercise federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *Fairley v. Turan-Foley Imports, Inc.*, 65 F.3d 475, 482 (5th Cir. 1995) (holding a district court had subject matter jurisdiction to consider a TILA claim); *Belay v. Aegis Wholesale Corp.*, No. A-17-CV-545-LY-ML, 2018 WL 1833250, at *2 (W.D. Tex. Jan. 26, 2018) (concluding a Plaintiff's Complaint asserting a claim under TILA satisfies federal subject matter jurisdiction).

This Court also has personal jurisdiction over Defendant, a Texas limited liability company doing business within this Court's jurisdiction who was properly served in Texas. (docket no. 1 at 4; no. 5); FED R. CIV. P. 4(k)(1) (service of process is effective to establish personal jurisdiction

over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"); *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Cornette Investments, LLC*, No. SA:13-CV-468-XR, 2013 WL 4854392, at *2 (W.D. Tex. Sept. 11, 2013) (exercising personal jurisdiction over a defendant who was a citizen and resident of Texas and who was personally served in Texas). Accordingly, the Court has subject matter jurisdiction over the case and personal jurisdiction over the parties.

### B. Liability

With regard to liability, the entry of default by the Clerk of the Court causes all well-pleaded allegations of fact related to liability to be deemed admitted. *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–25 (5th Cir. 2010). Although the Court must accept these allegations as true, the default alone does not warrant entry of default judgment; rather, the Court retains the burden of ascertaining whether the well-pleaded facts state a claim for which relief may be granted. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"; rather, "[t]here must be a sufficient basis in the pleadings for the judgment to be entered"); *see also Tyco Fire & Sec., LLC v. Alcocer,* 218 Fed. App'x 860, 863 (11th Cir. 2007) (applying Texas law).

Thus, before awarding damages to Plaintiff, the Court must determine if the pleadings "taken as true due to the default, actually state a substantive cause of action," and whether the relief sought has a "sufficient basis in the pleadings." *Id*. Plaintiff alleges Defendant violated TILA's disclosure requirements by incorrectly disclosing an incorrect "Total of Payments" in the Contract. 15 U.S.C. § 1638(a)(5); 12 C.F.R. § 226.18(h); (docket no. 1 at 6). Specifically,

4

Plaintiff argues that the "Total of Payments" under the TILA Disclosure did not properly account for her three deferred downpayments of $500 each. *Id*.

TILA is meant "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair billing . . . practices." 15 U.S.C. § 1601(a); *Chase Bank USA, N.A. v. McCoy,* 562 U.S. 195, 198 (2011*)*; *Mendez v. Aaron Rents, Inc.*, No. SA-03-CA-687-JWP, 2006 WL 8434185, at *2 (W.D. Tex. Sept. 7, 2006). Given that purpose, "the Act has been found uniformly to be remedial in nature and thereby liberally and broadly construed in favor of the consumer." *Travis v. Tr. Co. Bank*, 621 F.2d 148, 151 (5th Cir. 1980). Liability under TILA "flows from even minute deviations from the requirements of the statute and of Regulation Z." *Charles v. Krauss Co.*, 572 F.2d 544, 546 (5th Cir. 1978). "[O]nce a court finds a violation, no matter how technical, it has no discretion with respect to the imposition of liability." *Grant v. Imperial Motors*, 539 F.2d 506, 510 (5th Cir. 1976). Accordingly, "the technical requirements of TILA and Regulation Z must be strictly enforced." *Reneau v. Mossy Motors*, 622 F.2d 192, 195 (5th Cir. 1980); *Pennino v. Morris Kirschman & Co.*, 526 F.2d 367, 370 (5th Cir. 1976).

When Congress enacted TILA, it "delegated expansive authority to the Federal Reserve Board to elaborate and expand the legal framework governing commerce in credit." *Riviere v. Banner Chevrolet, Inc.*, 184 F.3d 457, 460 (5th Cir. 1999) (quoting *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559–60 (1980)). The Consumer Financial Protection Bureau is the agency charged with interpreting TILA and promulgating rules to effectuate its purposes. *Billings v. Propel Fin. Servs., L.L.C.*, 821 F.3d 608, 610 (5th Cir. 2016); *see* 15 U.S.C. §§ 1602(b), 1604(a).

5

Regulations implementing TILA are known as Regulation Z. 12 C.F.R. pt. 1026. In considering a case arising under TILA, the Fifth Circuit generally defers to the Federal Reserve Board's interpretations ("staff opinions") of Regulation Z. *Smith v. Chapman*, 614 F.2d 968, 974 (5th Cir. 1980). The Supreme Court has deemed "Federal Reserve Board staff opinions construing [TILA] or Regulation [Z]" to be dispositive unless demonstrably irrational. *Milhollin*, 444 at 560, 565 (1980).

Plaintiff will have a sufficient basis for relief in its pleadings if Defendant: (1) is a "creditor" as defined by TILA; (2) entered into a consumer credit transaction with Plaintiff; and (3) failed to provide Plaintiff with an accurate "Total of Payments" disclosure as required by the TILA. 15 U.S.C. § 1638(a)(5) (docket no. 8 at 3). A "creditor" is a natural person or organization who "regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than four installments (not including a down payment), and to whom the obligation is initially payable…." 15 U.S.C. § 1602(g); 12 C.F.R. § 226.2(17). Plaintiff alleges Defendant is a Texas LLC who, in the ordinary course business, regularly extended and offered to extend consumer credit to the transaction involved in this action within the meaning of TILA. Defendant, therefore, is a creditor within the meaning of the TILA.

Next, "[c]onsumer credit means credit offered or extended to a consumer primarily for personal, family, or household purposes." 12 C.F.R. § 226.2(12). Here, Plaintiff alleges the existence of a consumer credit agreement in "Exhibit A." (docket. no. 1-1). This agreement stated the transaction was for the purchase for a Nissan Altima to be used for "personal, family, or household use unless otherwise indicated." (docket. no. 1-1 at 2). The agreement did not indicate otherwise and thus is a consumer credit transaction within the meaning of TILA.

6

As to whether Defendant provided Plaintiff with an accurate "Total of Payment" disclosure, the element turns on whether the deferred downpayments should have been included within that amount. A "downpayment" is an amount paid to a seller to reduce the cash price of goods or services purchased in a credit sale transaction and may include a deferred portion of a downpayment so long as that deferred portion is payable no later than the second regularly scheduled payment and is not subject to a finance charge. 12 C.F.R. § 226.2(18). Under the Federal Reserve Board staff opinions, a creditor may have some discretion in choosing how to treat deferred downpayments (also called pick-up payments), but nonetheless must ensure the sum of the Total of Payments equals the sum of the payments disclosed under the payment schedule. 12 C.F.R. § Pt. 226, Supp. I, Subpt. A, at 12 C.F.R. § 226.2(a)(18)(2)(iii). "[I]f the creditor disclosed a deferred portion of the downpayment as part of the payment schedule, that payment must be reflected in the total disclosed under [the Total of Payments]." 12 C.F.R. § Pt. 226, Supp. I, Subpt. C, at 12 C.F.R. § 226.18(h)(2); *see also Holbrook v. J.R.'s Auto Sales, Inc.*, No. 2: 15-CV-02081 JTFCGC, 2016 WL 7362687, at *1, 4 (W.D. Tenn. July 19, 2016) (holding pick-up [or down]payments appearing inside the payment schedule box, even if under a different title and area of the box, require the creditor to include the payment in the Total of Payments).

The staff opinion is clear: because Defendant chose to include the deferred downpayments under the Payment Schedule, those payments must be under the Total of Payments to comply with TILA. 12 C.F.R. § Pt. 226, Supp. I, Subpt. A, at 12 C.F.R. § 226.2(a)(18)(2)(iii); 12 C.F.R. § Pt. 226, Supp. I, Subpt. C, at 12 C.F.R. § 226.18(h)(2). Thus, Defendant's failure to disclose constitutes a violation of the TILA. 15 U.S.C. § 1638(a)(5). The court acknowledges Plaintiff's claim is arguably for a technical violation, nonetheless even "minute" or technical violations of

7

TILA impose liability. *Charles*, 572 F.2d at 546; *Grant*, 539 at 510. As a result, Plaintiff's allegations, taken as true, make out a claim for damages under TILA. 15 U.S.C. § 1640.

**C.  Damages**

Plaintiff seeks a sum certain ($5,480.00) and thus damages can be determined without a hearing. (docket no. 8 at 7–8). This sum includes statutory damages, attorney fees, and court costs. *Id.* When a court awards damages to a plaintiff through default judgment, the amount awarded "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

1. *Statutory Damages*

Statutory damages under TILA are set under § 1640(a)(2)(A)(i), whereby a successful individual action results in damages for twice the amount of a finance charge connected to the transaction with a limit not to exceed $2,000.00. *See Koons Buick Pontiac GMC, Inc. v. Nigh,* 543 U.S. 50, 60 (2004); *Fowler v. U.S. Bank, Nat. Ass'n,* 2 F. Supp. 3d 965, 980 (S.D. Tex. 2014) ("The Supreme Court made clear that the $200 floor and $2,000 ceiling on recovery in clause (ii) applies to the general measure of statutory damages as defined in clause (i).").

In this case, Plaintiff seeks statutory damages in the amount of $2,000.00. (docket no. 8 at 6–7). The Court finds "Exhibit A" sufficient for calculating damages because it adequately details the total value of the finance charge and, in connection with limitations imposed by TILA, establishes the amount requested is appropriate. (docket no. 1–1 at 2). Because the total value of the finance charge was $3,231.19, damages for Plaintiff must be set at an amount no more than $2,000.00. Moreover, the finance charge if doubled, would exceed TILA's cap ($6,462.38). Therefore, the Court concludes pursuant to 15 U.S.C. § 1640(a)(2)(A)(i), the amount requested is

8

appropriate and finds Plaintiff is entitled to $2,000.00 in statutory damages.

   2. *Attorney's Fees*

Finally, Plaintiff seeks $3,000.00 in attorney's fees and $480 in court costs. (docket no. 8). The request, however, does not comply with Local Court Rules. If Plaintiff seek an award of attorney's fees and court costs, Plaintiff shall file an application in the manner prescribed by Local Court Rule 7(j) and Local Court Rule 54 within fourteen days of the issuance of judgment. The Court awards Plaintiff the sum of $2,000.00 as statutory damages and excludes attorney's fees and costs pursuant to Local Rule 7(j).

## Conclusion

Accordingly, Plaintiffs' Motion for Default Judgment (docket no. 8) is GRANTED. Judgment shall issue separately according to Rule 58.

It is so ORDERED.

SIGNED this 30th day of January, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE