# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIARA HOUSTON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Civil Action No: SA-19-CA-1018-XR |
| | ) | |
| TEXAS AUTO SAVE, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER ON MOTION FOR ATTORNEY'S FEES

On this date, the Court considered Plaintiff's motion for attorney fees. Docket no. 12. After careful consideration, Plaintiff's motion is GRANTED.

### Background

Plaintiff Tiara Houston ("Plaintiff") brought suit on August 21, 2019, alleging that Defendant Texas Auto Save, LLC ("Defendant") violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* and its implementing Regulation Z, 12 C.F.R. 226.18(h) when she purchased a car from Defendant. Docket no. 1.  She alleged that Defendant included her deferred downpayments in its "Payment Schedule" disclosure but improperly excluded those from the "Total of Payments" disclosure, resulting in an inaccurate amount listed in "Total of Payments." Defendant was served on September 6, 2019, docket no. 5, but failed to respond or otherwise appear. On October 10, 2019, the Clerk entered default, docket no. 7, and on January 30, 2020, the Court entered default judgment for Plaintiff, awarding her $2,000 in statutory damages. Docket no. 10. The Court ordered Plaintiff to separately move for attorney's fees in compliance with Local Rule 7(j).

Plaintiff's motion seeks an award of attorney's fees in the amount of $3,000. Plaintiff claims that it incurred a total of 12.6 hours of attorney and paralegal time: 5.9 hours at a rate of

$350 for Jose Gill, 3.9 hours at a rate of $400 for Russell Thompson, and 2.8 hours at a rate of $135 for Joel Wresh, for a total of $4,003.00. Plaintiff, however, wrote off certain tasks deemed redundant or administrative, arriving at the final request of $3,000. Plaintiff provided a declaration of Plaintiff's counsel and a detailed timetable in support of its motion. Docket nos. 12-1, 12-2.[1]

## Discussion

The "general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 550 (2010). Under the TILA, however, prevailing plaintiffs are entitled to an award of attorney's fees. 15 U.S.C. § 1640(a)(3). That provision provides for an award "in the case of any successful action to enforce the foregoing…the costs of the action, together with a reasonable attorney's fee as determined by the court." *Id.* "In enacting TILA, Congress clearly created an exception to [the] 'American Rule,' no doubt in order to encourage those with valid TILA claims to pursue them." *Lacy v. Gen. Fin. Corp.*, 651 F.2d 1026, 1029 (5th Cir. 1981).

Such a fee-shifting provision is consistent with the consumer protectionist purposes behind the statute, as "[o]nly with fee shifting does the prosecution of a typical individual TILA claim become an economically sensible possibility." *Nigh v. Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 188 (4th Cir. 2007). Indeed, the congressional "goals underlying the [TILA] include the creation of a system of private attorneys general to aid in the effective enforcement of the Act," and awarding costs to a prevailing plaintiff under "the same principles that would govern the assessment of fees in general" helps to effect that purpose. *McGowan v. Credit Ctr. of N. Jackson, Inc.*, 546 F.2d 73, 77 (5th Cir. 1977); *see also Lawrence v. Credit Thrift of Am., Inc.*, 622 F.2d

---

[1] The Court can use such evidence in determining the reasonableness of attorney's fees. *See Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980).

1207, 1208 (5th Cir. 1980) (noting that the TILA, including § 1640(a)(3), should be construed liberally in favor of the consumer).

Because the statute itself does not explain the meaning of a "reasonable" fee, the determination of attorney's fees is in the court's discretion. Courts generally use the "lodestar" amount, multiplying the number of hours reasonably spent on the litigation by an appropriate hourly rate in the community for such work. *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 547 (1986); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The appropriate rate is based on the prevailing community standards for attorneys of similar experience in similar cases. *McClain v. Lufkin Inds., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The burden is on the applicant to establish the reasonableness of the award. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

In *Perdue*, the Supreme Court contrasted the lodestar method with the method previously set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Perdue*, 559 U.S. at 55–54.[2] Since *Perdue* indicated a "strong preference" for the lodestar method over the Fifth Circuit's *Johnson* factors, "the Fifth Circuit has subsequently treated the *Johnson* factors as a complement to the lodestar method." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 624 (W.D. Tex. 2015) (citing *Random v. M. Patel Enters., Inc.*, 734 F.3d 377, 388 n.17 (5th Cir. 2013)).

---

[2] Those "*Johnson* factors" include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the desirability of the case; (11) the nature and length of the professional relationship with the client; and (12) similar awards in other cases. *Johnson*, 488 F.2d at 717–19.

3

Here, the Court finds that Plaintiff's hourly rates are reasonable, considering the prevailing market rates in the community. Attorney Russel Thompson seeks a fee of $400 per hour, attorney Jose Gill seeks $300 per hour, and paralegal Joel Walsh seeks $135 per hour. Plaintiff notes that there are few cases in the Western District of Texas regarding the reasonable rate for attorney's fees in TILA claims, but that other courts in Texas and beyond have awarded similar—or the same—rates to Plaintiff's counsel. A court in the Northern District of Texas approved the same rates of $400 for Thompson and $350 for Gill as reasonable in a TILA action. *Hicks v. GTC Auto Sales, Inc.*, No. 4:16-CV-11, 2016 WL 11480194, at *3 (N.D. Tex. June 9, 2016); *see also Boseman v. Prestige Auto Sales, Inc.*, No. 3:16-cv-728, 2018 WL 1697785, at *2 (M.D. Tenn. Apr. 6, 2018) (finding $400 for Thompson, $350 for Gill, and $135 for a paralegal to be reasonable); *Jordan v. Freedom Nat'l Ins. Servs. Inc.*, No. CV-16-362, 2017 WL 10185526, at *2 (D. Ariz. July 20, 2017) (same). Additionally, to establish the rates as reasonable within the San Antonio community, Plaintiff provides a United States Consumer Law Attorney Fee Survey Report showing an average hourly rate for consumer law attorneys of $372 in Texas and $392 in the San Antonio market. Docket no. 12-3 at 184, 484. Plaintiff's counsel's rates are near or below that average, a strong indicator that such rates are reasonable in the "prevailing community."

The Court further finds that the number of hours expended was reasonable. Plaintiff's counsel states that it worked 14.6 hours litigating this matter, ultimately waiving 2 hours as a matter of billing discretion. Docket no. 12 at 10, no. 12-2. There is nothing indicating that Plaintiff's counsel took any "frivolous or otherwise senseless" actions in the course of this litigation. *Alex*, 125 F. Supp. 3d at 626. Rather, once service was executed, Plaintiff's counsel quickly moved for default, and upon the entry of default, quickly filed a motion for default

4

judgment. The lodestar, then, amounts to $4,003.00 (5.9 hours at $350, 3.9 hours at $400, and 2.8 hours at $135).   As indicated above, Plaintiff already adjusted that requested amount to $3,000. Docket no. 12 at 6.

The *Johnson* factors do not require any further adjustment. As another court recognized in awarding the same rates proposed here, "the TILA is a complex statute requiring familiarity with regulations and commentaries." *Boseman*, 2018 WL 1697785, at *2; *see Johnson*, 488 F.2d at 717–18 (considering time, labor, and skill required to perform the legal service properly). Further, given the policy goals underlying the TILA, the fee arrangement counsels in favor of granting attorney's fees. *Id.* at 718 (considering "whether the fee is fixed or contingent"). Plaintiff and her counsel have a contingency fee arrangement whereby Plaintiff must pay attorney's fees if she prevails. Docket no. 12 at 11. Because Plaintiff has prevailed, she is required to pay the attorney's fees. In this case, Plaintiff's damages award amounted to $2,000. Given the purpose behind the TILA—creating a "system of private attorneys general" to enforce the statute—it would be wholly ineffectual to thereafter require Plaintiff to pay *more* than her damages award to her attorneys. Plaintiff would pay $3,000 to her attorneys for a $2,000 award. Such an outcome would clearly detract from the purposes underlying the statute. *See Nigh*, 478 F.3d at 188 ("Only with fee shifting does the prosecution of a typical individual TILA claim become an economically sensible possibility.").[3]

---

[3] The Court further finds that the number of hours expended was reasonable. Plaintiff's counsel states that it worked 14.6 hours litigating this matter, ultimately waiving 2 hours as a matter of billing discretion. Docket no. 12 at 10, no. 12-2. There is nothing indicating that Plaintiff's counsel took any "frivolous or otherwise senseless" actions in the course of this litigation. *Alex*, 125 F. Supp. 3d at 626. Rather, once service was executed, Plaintiff's counsel quickly moved for default, and upon the entry of default, quickly filed a motion for default judgment.

**Conclusion**

For the foregoing reasons, Plaintiff's motion for attorney's fees (docket no. 12) is

GRANTED. Defendant is ORDERED to pay $3,000 in attorney's fees.

It is so ORDERED.

Signed this 21st day of April, 2020.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE